OPINION OF THE COURT
Carnell T. Foskey, J.
On October 15, 1993, this court issued a permanent order of protection directing the defendant to stay away from the complainant and to refrain from attempting to contact her. The People now move for an order amending the order of protection to include the complainant’s three children, two of whom are the defendant’s biological children.
The defendant was charged with aggravated harassment in violation of Penal Law § 240.30 (1) and criminal contempt in the second degree in violation of Penal Law § 215.50 (3) in an information bearing index No. 19402/93. The complainant alleged in her supporting deposition annexed to the information that the defendant had made approximately 12 telephone calls threatening to kill her and to kill her children during the period from August 13, 1993 to September 3, 1993.
The defendant was charged with an additional violation of Penal Law § 215.50 (3) under index No. 21297/93. The complainant’s supporting deposition annexed to the second information alleged that the defendant had made approximately 25 telephone calls during a three-day period from September 7 -through September 9, 1993, threatening to kill her, and that these calls were made in violation of a Family Court temporary order of protection dated August 17, 1993.
A District Court temporary order of protection was issued on September 10, 1993. Both temporary orders of protection ordered the defendant to stay away from and to refrain from contacting the complainant and her children.
*588 On October 15, 1993, the defendant entered a plea of guilty to aggravated harassment and criminal contempt in the second degree, and was sentenced to concurrent terms in the Nassau County Correctional Center of 90 days on the first count and 30 days on the second count, as well as to an $85 mandatory surcharge and $5 crime victim assistance fee on each count.
At the time of sentencing, the court also issued a permanent order of protection directing the defendant to stay away from the complainant and to refrain from contacting her, in response to the People’s application therefor. The People neglected to request inclusion of the children in the protective order at that time.
The People now wish to amend the order of protection, three days before the defendant is scheduled to be released from jail, to include a provision preventing the defendant from contacting the children, contending that this omission was an oversight which may be corrected by the court.
The defense maintains that CPL 430.10 proscribes the court from changing the order of protection once the term of the defendant’s sentence has commenced, and further that the court may not amend the order because the defendant would not have entered into the plea had he known the protective order would extend to the children.
The issues thus presented are whether the court is authorized to amend the order of protection at this stage in the proceedings, and if so, whether such amendment is warranted under the facts of the case.
The court finds that it does have jurisdiction to amend the permanent order of protection issued herein under the specific circumstances of this case.
CPL 530.12 (5) provides in pertinent part, "[u]pon conviction of any crime or violation between spouses, parent and child, or between members of the same family or household, the court may in addition to any other disposition, including a conditional discharge or youthful offender adjudication, enter an order of protection.” The language of the statute does not limit the entry of an order of protection to the time of sentence, but instead makes the defendant’s conviction a prerequisite to its issuance.
An order of protection is neither a sentence of imprisonment, as contemplated by CPL 430.10 and Penal Law article 70, nor is it an authorized disposition of a criminal proceeding *589 under Penal Law article 60. Rather than being punitive in nature, the purpose of an order of protection is to ensure the safety of the victims of family offenses or other crimes by limiting the defendant’s contact with them. Its issuance is not part of the penalty which is imposed upon a defendant convicted of a crime, and does not impinge upon a defendant’s interest in the finality of criminal proceedings. (Cf., People v Minaya, 54 NY2d 360 [1981], cert denied 455 US 1024.) Accordingly, CPL 430.10, which proscribes the court from changing, suspending or interrupting a defendant’s sentence once the term of the sentence has commenced, is inapposite to the amendment of protective orders.
Similarly, defendant’s contention that inclusion of the children in the protective order is barred because it was not part of the plea agreement is without merit, since an order of protection may be issued independently of a plea agreement. (People v Oliver, 182 AD2d 716 [2d Dept 1992].)
Whether an application to amend a permanent order of protection may be granted by a criminal court depends upon the reason the application has been made. The powers and jurisdiction of the District Court are limited to those which have been "expressly conferred by the Constitution and by the Legislature pursuant to the authority of the Constitution.” (Total Comfort v Alfred Benzenberg, Inc., 75 Misc 2d 1009, 1010 [Nassau Dist Ct 1973].) It must be noted that CPL article 530 authorizes the criminal court to issue a permanent order of protection upon a defendant’s conviction of a family offense, but does not expressly authorize the court to reconsider and modify such order. Article 8 of the Family Court Act, on the other hand, does contain an express provision authorizing the Family Court, after a hearing, to reconsider and modify an order of protection for good cause shown. (See, Family Ct Act § 844.) The omission of a comparable provision in the CPL may signify a legislative intent that such relief instead be sought in the Family Court, which is better equipped to monitor and adjust such orders in family offense situations.
However, the court retains the inherent power to correct errors, omissions and oversights made at the time of issuance of its records and judgments in the furtherance of justice. (See, People v Minaya, supra, 54 NY2d, at 365; 29 NY Jur 2d, Courts and Judges, § 463.) Therefore, if the purpose of an application to amend a protective order is to correct an omission or oversight made at the time of issuance of the order, the criminal court retains the authority to grant the *590 application. If, however, the application seeks new relief not originally contemplated or intended at the time of issuance of the order, such amendment would exceed the scope of the statutory grant of authority of the criminal court. It must be noted that an application for new relief could always be made in the Family Court.
The court finds that the instant application seeks to correct an oversight made at the time of issuance of the permanent order of protection, and therefore is within the court’s inherent power to consider. Both temporary orders of protection extended to the children, and the court is satisfied that it was the intention of the People and the complainant to include the children in the permanent order as well. The People’s application is granted accordingly, and an amended order of protection is being issued herewith.