OPINION OF THE COURT
Ira J. Raab, J.
How temporary is temporary? The word “temporary” means a short duration, transitory or continuing for a limited time. The plaintiff wife has continued, renewed or extended a “temporary” order of protection nine times in the past six years. By extending the temporary order of protection for such a long time, the plaintiff, in effect, has had a “permanent” order of protection in excess of the statutory three-year maximum duration. No new incidents are alleged since the original temporary order of protection was issued. Consequently, the *731 plaintiffs motion for summary judgment for a permanent order of protection is denied. The defendant’s cross motion for sanctions is also denied. The court sua sponte grants summary judgment to the defendant, without the necessity of a hearing.
Procedural History
The plaintiff seeks summary judgment for a permanent order of protection based on allegations of events that occurred between October 1995 and March 1996. On March 22, 1995, the plaintiff obtained a temporary order of protection in Family Court, Nassau County. Although “temporary,” an order of protection was continued, renewed or extended without interruption, until the present day, by various judges of the Family Court, Supreme Court and County Court. The plaintiff now seeks a permanent order of protection for no less than three additional years, based on these very same incidents that occurred in 1995 and!996.
Shortly after the original temporary order of protection was obtained, plaintiff commenced a civil action against the defendant for monetary damages in the Supreme Court. She claimed that the defendant’s actions, which gave rise to the temporary orders of protection, were a breach of the nonmolestation clause and other related clauses of the parties’ settlement agreement, dated July 25, 1995, which had been incorporated into their judgment of divorce, dated September 11, 1995. By the order of Justice F. Dana Winslow, dated April 21, 1999, and as a result of defendant’s prior counsel’s failure to timely comply with discovery demands and court orders, the defendant’s answer was stricken. The defendant was precluded from offering testimony in the civil action, and the case was set down for a hearing on damages. After five years of litigation in the Supreme Court, the civil action was transferred to the County Court, where the parties settled all of the issues in the civil action, except for an order of protection.
There was no prayer for order of protection relief in the complaint. After the terms of the settlement were placed on the record, the plaintiff orally requested that the County Court Judge issue still another temporary order of protection, and also requested a hearing for a permanent order of protection. The defendant opposed the temporary order of protection. The County Court Judge vacated all prior temporary orders of protection, and orally issued a new temporary order of protection on the record. The case was set down for a hearing on April 16, 2001 as to whether the new temporary order of protec *732 tion should be converted to a permanent order of protection. The defendant requested, and was granted, a recusal of the Judge. The new temporary order of protection was extended until “the evidentiary hearing is held and decided.” The case was reassigned to this Justice for the evidentiary hearing on the request of the plaintiff for a permanent order of protection.
The following is a list of the nine temporary orders of protection issued in favor of the plaintiff against the defendant in the past six years:
• Temporary no harass order of protection, issued on March 13, 1995, by Nassau County Family Court Judge George D. Decker.
• Final no harass order of protection, issued on April 12, 1995, by Judge Decker, which remained in effect until the plaintiff vacated the marital residence on November 6, 1995, as per the stipulation of the parties on July 26, 1995, although the order of protection was originally to expire on April 12, 1996. The stipulation provided that “Upon the plaintiffs so vacating said residence said protection order (of April 12, 1995) shall automatically terminate and be of no further force and effect. The defendant consents to the issuance of a ‘Stay Away’ order by this Court (Supreme Court) regarding plaintiff [sic] residence or residences effective as of the date of obtaining said residence and terminating on April 13, 1996.”
• Consent stay away restraining order issued on January 24, 1996, by Nassau County Supreme Court Justice Sandra J. Feuerstein, which remained in effect until April 13, 1996, as per the said stipulation.
• Temporary stay away and no harass order of protection, issued on March 22, 1996, by Nassau County Family Court Judge Jerome S. Medowar, which remained in effect until September 22, 1996.
• Temporary stay away order, issued on April 21, 1996, by Nassau County Supreme Court Justice Edward T. O’Brien, which directed that the defendant stay away from the marital residence pending the hearing and determination of the matter.
*733 • Temporary order of September 20, 1996, issued by Justice O’Brien, which extended the March 22, 1996 temporary order of protection of Judge Medowar pending the hearing of the matter, and also extending the restraining order of Justice Feuerstein until the hearing scheduled for September 30, 1996.
• Temporary order issued by Justice Feuerstein on September 25, 1996, extending the September 20, 1996 temporary order of Justice O’Brien until September 30, 1996, the date of the scheduled hearing (in effect, also extending the March 22, 1996 temporary order of protection of Judge Medowar).
• Temporary order issued by Nassau County Supreme Court Justice F. Dana Winslow, on July 11, 1996, extending the temporary orders of protection of Justices O’Brien and Feuerstein and Judge Medowar until August 7, 1997, although defendant’s attorney, Thomas Liotti, correctly pointed out that there was no request by plaintiff’s attorney to extend the order of protection. The temporary order of Justice Winslow was reciprocal. Plaintiff claimed that defendant violated Justice Feuerstein’s stay away order. Justice Winslow determined that defendant did not violate said order.
• Temporary order of protection issued on March 15, 2001, by Nassau County Court Judge Claire I. Weinberg, which remains in effect until the present time.
The Law
The issue before this court appears to be one of first impression. Where there are no disputed questions of fact, as in this case, may the court refuse to convert a temporary order of protection into a permanent order of protection without the necessity of a hearing. It would be a waste of judicial resources to conduct a formal evidentiary hearing of the matter because the pertinent material facts are not disputed. (Matter of Gordon v Marrone, 202 AD2d 104, 111 [2d Dept 1994].)
A temporary or permanent order of protection is a unique type of court order. The order requires a person to perform or refrain from doing a specified act or acts. “Rather than being punitive in nature, the purpose of an order of protection is to ensure the safety of the victims of family offenses or other *734 crimes by limiting the defendant’s contact with them.” (People v Garris, 159 Misc 2d 586, 589 [Nassau Dist Ct 1993].)
Family Court Act § 842 provides that an order of protection may not be in force for a period in excess of one year absent the existence of aggravating circumstances, in which case the order may not be in force for a period in excess of three years. Further, Family Court Act § 827 (a) (vii) defines “aggravating circumstances” as “physical injury or serious physical injury to the petitioner caused by the respondent, the use of a dangerous instrument against the petitioner by the respondent, a history of repeated violations of prior orders of protection by the respondent, prior convictions for crimes against the petitioner by the respondent or the exposure of any family or household member to physical injury by the respondent and like incidents, behaviors or occurrences which to the court constitute an immediate and ongoing danger to the petitioner, or any member of the petitioner’s family or household.”
An order of protection may not be effective for a period in excess of one year where there is no finding of aggravating circumstances. (Matter of Zirkind v Zirkind, 218 AD2d 745, 746 [2d Dept 1995], cert denied 528 US 1190 [2000]; Matter of Muller v Muller, 221 AD2d 635, 637 [2d Dept 1995]; Matter of Mawhirt v Mawhirt, 241 AD2d 524 [2d Dept 1997]; Matter of Walsh v Walsh, 251 AD2d 338 [2d Dept 1998]; Matter of Baker v Ratoon, 251 AD2d 921, 922 [3d Dept 1998].)
The issuance of a protective order is unavailable to a former spouse where there is no evidence of, nor credible allegations of, relatively current abuse, harassment or interference with personal liberty, or a threat thereof. Here, the plaintiff not only fails to offer any evidence of aggravating circumstances, but the plaintiff relies solely on events that occurred five and six years ago. It is undisputed that there is no “immediate and ongoing danger” to the plaintiff.
In Yoba v Yoba (183 AD2d 418 [1st Dept 1992]), the Court referred to information which petitioner sought to include as not “relatively contemporaneous” to the application for an order of protection. Likewise, in the within case, the five- and six-year-old events are not “relatively contemporaneous” to the present day application for a permanent order of protection.
In fact, the plaintiff has continued, renewed or extended the temporary orders of protection for such a long time, that in reality she has reaped the benefit of the equivalent of two consecutive three-year “permanent” orders of protection. If this court were to now issue a three-year permanent order of protec *735 tion, under these circumstances, it would be a perpetuation of the misuse of the judicial system, and the court’s process would be “a sword, rather than as a shield.” (Chieco v Chieco, 170 AD2d 569, 571 [2d Dept 1991].)
Plaintiff has failed to prove that she should be granted a permanent order of protection because there is no “immediate and ongoing danger” nor any “aggravating circumstances” that would justify such an order.
According to CPLR 3212 (b), if “it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion.” A court may grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court. (Dunham v Hilco Constr. Co., 89 NY2d 425 [1996].) Since there are no disputed issues of fact, summary judgment should be granted; however, it should be granted in favor of the defendant, not the plaintiff, thereby denying a permanent order of protection.