OPINION OF THE COURT
Martin G. Karopkin, J.
Respondent moves for an order dismissing the instant petition for failing to state a cause of action pursuant to CPLR 3212 (b) and because an order of protection would be a duplication of remedies for the petitioner. Petitioner opposes the motion. The motion is denied for all of the reasons set forth below.
*727 This matter was commenced by the filing of a petition for an order of protection pursuant to Family Court Act § 842, alleging, inter alia, that on or about October 1, 1998, at a location only indicated as “street,” the respondent argued and cursed at the petitioner and threatened to kill the petitioner if she did not recant her testimony against him in a pending federal case involving bank and mail fraud. At the time of the respondent’s arrest in 1998, petitioner alleges that weapons were confiscated. The respondent was convicted and sentenced to 57 months in jail. Petitioner further alleges that the United States Attorney’s office sent her a letter informing her that respondent was scheduled to be released in September 2002, and advising her to get an order of protection. Petitioner alleges prior assaults and arguments, cursing and verbal threats to harm and kill her. Petitioner fears for her safety and the safety of her child and wants an order of protection keeping the respondent away from her and her child.
Respondent now moves to dismiss the petition under CPLR 3212 (b) for failing to state a cause of action. Respondent contends that the factual allegation in support of the order relate to events that are too stale to permit the issuance of the order of protection. Respondent further urges that the issuance of an order of protection would be duplicative as he is currently released under the jurisdiction of the Federal Parole Department and remaining away from petitioner is a specific condition of his release.
Even the respondent recognizes that there is no statute of limitations on orders of protection. This is no legislative oversight. The issue in family offense matters is not the age of the threat but the imminence of the danger. Although the threat was made several years ago it occurred under circumstances that give it great credence. Respondent had been a defendant in a criminal case pending in the Eastern District of New York. In 1998, the United States Attorney moved to revoke respondent’s release prior to sentencing* due to threats he made against the petitioner. The essence of these threats was that if petitioner did not recant certain statements she had made to a probation officer then respondent would kill her. In a very strongly worded decision, Judge Gleeson found that there was no condition of release that could be devised that would protect the petitioner from the respondent. As a result, *728 the respondent’s bail was revoked and the respondent was incarcerated. He was subsequently sentenced to prison.
In September 2002, the respondent was placed on supervised release. One of the conditions of respondent’s probation is that he “is to have no contact with his ex-wife except as necessary and authorized to facilitate his visitation rights with his son.” It was the event of respondent’s release from prison that caused petitioner to seek an order of protection based on the same threat that led to the revocation of respondent’s release prior to sentencing in October 1998. Moreover, the respondent, if he were so inclined, has been unable to act on the threat because he was incarcerated. His recent release brings the threat into full bloom and creates an “immediate and ongoing danger” to the petitioner within the meaning of Family Court Act § 827 (a) (vii) (Swersky v Swersky, 299 AD2d 540 [2002]).
This court finds that there is no duplication of remedy for the petitioner. An order of protection issued in New York State Family Courts or Criminal Courts has a specific and unique value: it is recognized by local police forces and subject to their immediate action. Conditions of parole are enforced by the Bureau of Parole which may not be available with the speed or reliability of the local police. The order of protection stands as an independent and distinct remedy for this petitioner.
Motion denied.

 Respondent pleaded guilty to conspiring to commit mail fraud and bank fraud.