■ In the Matter of ASHLEY P., an Infant. CHARLOTTE W. et al., Respondents; KENNETH P., Appellant. (Proceeding No. 1.) In

the Matter of CHARLOTTE W., Respondent, v KENNETH P., Appellant. (Proceeding No. 2.) In the Matter of KENNETH P., Appellant, v CHARLOTTE W., Respondent. (Proceeding No. 3.) [819 NYS2d 103]—

In an adoption proceeding pursuant to Domestic Relations Law article 7, a family offense proceeding pursuant to Family Court Act article 8, and a proceeding by the child's biological father seeking visitation, the biological father appeals from (1) an order of the Family Court, Suffolk County (Lehman, J.), dated April 8, 2005, which, after a hearing, determined that his consent to the adoption was not required since he had abandoned his child, and denied his petition for visitation, (2) an order of the same court dated April 20, 2005, which, after a hearing, found that he committed acts constituting harassment in the second degree and directed the entry of an order of protection, and (3) an order of protection of the same court dated April 21, 2005, which, upon the finding that he committed acts constituting harassment in the second degree, directed him, inter alia, to stay away from the mother, her husband and her children, their home, and the children's school.

Ordered that the order dated April 8, 2005, is affirmed, without costs or disbursements; and it is further,

Ordered that the orders dated April 20, 2005, and April 21, 2005, are reversed, on the law, without costs or disbursements, the family offense petition is denied, and that proceeding is dismissed.

The Family Court properly determined that the consent of the biological father (hereinafter the father) to the adoption was not necessary. The petitioners in the adoption proceeding established, by clear and convincing evidence, that the father evinced an intent to forego his parental rights and obligations by his failure for a period of six months to contact or communicate with the child or the person having legal custody of the child, although able to do so (see Domestic Relations Law § 111 [2] [a]; Matter of Clair, 231 AD2d 842 [1996]; Matter of Kristin O., 220 AD2d 670 [1995]). Moreover, the father was not prevented from visiting or communicating with the child by the petitioners in the adoption proceeding.

The Family Court properly concluded that the father had

committed acts constituting harassment in the second degree in violation of Penal Law § 240.26 (3), and that the family offense was not barred by the father's alleged defenses of laches or statute of limitations (*see Matter of Nina K. v Victor K.,* 195 Misc 2d 726 [2003]). However, where, as here, the record is devoid of any proof that the events asserted in the family offense petition were relatively contemporaneous and there was no proof that the father posed an "immediate and ongoing danger" to the mother or other family members (Family Ct Act § 827 [a] [vii]), the issuance of the order of protection was improper (*see Swersky v Swersky,* 193 Misc 2d 730 [2001], *affd* 299 AD2d 540 [2002]; *Yoba v Yoba,* 183 AD2d 418 [1992]).

The father's remaining contentions are either without merit or have been rendered academic by the determinations herein. Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.