■ Commissioners of the State Insurance Fund, Respondent, v Manuel Ramos et al., Appellants, et al., Defendant. [880 NYS2d 281]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 22, 2008, which, in an action to collect a judgment against, among others, defendants-appellants (defendants) on the theory that they are the judgment debtor's alter egos, insofar as appealed from as limited by the briefs, granted plaintiff's motion to dismiss defendants' affirmative defense of laches, and, order, same court and Justice, entered July 7, 2008, which, insofar as appealed from and appealable, denied defendants' motion to renew, unanimously affirmed, with costs.

Insofar as pertinent, defendants' answer contains an affirmative defense alleging, in its entirety, that "[p]laintiff's claims are barred by the equitable doctrine of laches." In opposition to plaintiff's motion to dismiss this defense, defendants' attorney submitted an affirmation arguing that the alleged laches is "self-explanatory" in that this action seeks to collect a 2004 judgment entered in a 1997 action against the judgment debtor to recover unpaid 1992/1993 workers' compensation premiums. The motion court, in the first order on appeal, correctly dismissed the defense as pleading only a bare legal conclusion without supporting facts (CPLR 3013; see Robbins v Growney, 229 AD2d 356, 357-358 [1996]). Concerning the second order on appeal, defendants have appealed only from that portion of the order as denied that branch of their motion as sought to reargue or renew plaintiff's motion to dismiss the laches defense. Thus, whether the motion court properly denied the branch of the motion as sought leave to amend the answer to assert the facts supporting the defense of laches is not properly before this Court (see City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 517 [1997]). In any event, for the reasons stated, the defense of laches is unavailable. We would add that the affirmation of defendants' attorney submitted in support of the motion to amend the answer lacks probative value with respect to the prejudice allegedly caused defendants by plaintiff's delay of prosecution against the judgment debtor (see Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]). Concur—Andrias, J.P., Buckley, Moskowitz, DeGrasse and Richter, JJ.