OPINION OF THE COURT
W. Dennis Duggan, J.
The petitioner in his family offense petition alleges that “around May 2007 . . . [his wife] banged [his] head against the *949 wall bit [his] head, drew blood.” He also alleges that in 2005, his wife assaulted him by slapping his face while he was incarcerated. The parties have no children.
The issue in this case is whether the petition should be dismissed because the allegations are stale. Family Court Act § 812 (1) was amended, effective August 13, 2010, to add the following: “[A] court shall not deny an order of protection, or dismiss a petition, solely on the basis that the acts or events alleged are not relatively contemporaneous with the date of the petition, the conclusion of the factfinding or the conclusion of the dispositional hearing.” (Emphasis added.)
Whatever the Legislature meant to encompass within the prohibition of the dismissal of a family offense petition solely because the allegations are not “relatively contemporaneous” with the filing of the petition, the fact pattern presented by this petition does not fall within that proscriptive boundary. The petitioner’s allegations were 3.5 years and 5 years old at the time he filed the petition. And, he is safely protected from the respondent because he has been housed, since May 2009, at the Bare Hill Correctional Facility.
In passing this bill, the introducer’s memorandum in support noted that “domestic violence must be viewed as a video as opposed to a snapshot” (Bill Jacket, L 2010, ch 341). Because family offenses have no specified statute of limitations, courts have had to evaluate each case individually to determine if a delay in filing would prevent the purposes of the act from being carried out. That purpose is set forth in Family Court Act § 812 (2) (b) and states that a family offense proceeding “is for the purpose of attempting to stop the violence, end the family disruption and obtain protection.” If it is clear, within the four corners of the allegations contained in a petition, that the passage of time has prevented all three of those purposes from being accomplished, then it is within the sound discretion of the court to dismiss the petition. If the facts alleged in the petition would establish the commission of a family offense and any three of the stated purposes would be accomplished by the issuance of an order of protection, then the petition should not be dismissed.
The introducer’s memorandum in support cited six cases that evidenced a “disturbing trend” of courts dismissing family offense petitions because the allegations were not “relatively contemporaneous” with the filing of the petition. The first case cited, Yoba v Yoba (183 AD2d 418 [1992]), provides too few facts *950 to be of any guidance. Apparently, the trial court refused to allow the petitioner to amend her petition to allege that the respondent had been abusive to her “in the past” and, at some point, told her that he had bought a gun to use against her. In Swersky v Swersky (299 AD2d 540 [2002]), the Court approved the dismissal of a family offense petition where the allegations were five years old. In Matter of Ashley P. (31 AD3d 767 [2006]), the Court held that although a family offense was properly proven, an order of protection should not have been issued because “the record [was] devoid of any proof that the events asserted in the family offense petition were relatively contemporaneous and there was no proof that the father posed an immediate and ongoing danger to the mother or other family members.” (Ashley P. at 769 [emphasis added; internal quotation marks and citations omitted].) In Matter of Thomas v Thomas (32 AD3d 521 [2006]), the Court reversed a Family Court finding that events that took place in July 2002 were timely alleged in a petition filed in March 2005. The Appellate Division found that a five-year lapse was not “relatively contemporaneous.” In Matter of Ann P. v Nicholas C.P. (44 AD3d 776 [2007]), the Court approved Family Court’s finding that events that took place three years prior to the filing of the petition were not “relatively contemporaneous.” In Matter of Hall v Hall (45 AD3d 842 [2007]), the Court approved Family Court’s denial of an order of protection where the allegations preceded the filing of the petition by over three years.
Aside from, perhaps, the poor choice by the Appellate Divisions of the phrase “relatively contemporaneous” to use as a benchmark when determining the timeliness of the filing of a family offense petition, the cases cited in the introducer’s memorandum in support strike this court as being sound exercises of discretion. In four of the cases cited, the allegations were either three years or five years old, a period that would be way beyond any measure of relative contemporaneousness. In the other two cases, the age of the allegations cannot be determined. What is clear is that the Legislature, with this amendment, expects the courts to not dismiss a family petition solely because of the age of the allegation. The courts must also make a finding that the other purposes of the act are still not at play, namely the cessation of violence, the termination of family disruption and the need for protection. In this case, the allegations are over three *951 years and five years old. That, coupled with the fact that the petitioner has been in prison for the past year and a half and will likely be incarcerated until February 2014, supports a finding that this dismissal of his petition is not based solely on the fact that the allegations are not “relatively contemporaneous.”