In the Matter of CATHERINE OPRAY, Appellant, v PATRICK FITZHARRIS, Respondent. [924 NYS2d 421]—

In a family offense proceeding pursuant to Family Court Act article 8, the wife appeals from an order of disposition of the Family Court, Suffolk County (Lecktrecker, Ct. Atty. Ref.), dated May 17, 2010, which, upon granting those branches of the husband's motion to dismiss the petition with regard to incidents alleged to have occurred on January 6, 2010, and April 6, 2010, based upon her failure to establish a prima facie case that the husband had committed a family offense within the meaning of Family Court Act § 812, dismissed the petition, and vacated a temporary order of protection against the husband.

Ordered that the order of disposition is modified, on the law, by deleting the provisions thereof dismissing that branch of the petition which was based on the allegation that the husband had committed a family offense within the meaning of Family Court Act § 812 based on aggravated harassment in the second degree on April 6, 2010, and vacating the temporary order of protection with regard to that allegation; as so modified, the order of disposition is affirmed, without costs or disbursements, that branch of the husband's motion which was to dismiss the petition for failure to establish a prima facie case as to the incident occurring on April 6, 2010, is denied, the petition and temporary order of protection are reinstated only as to the allegation of aggravated harassment in the second degree on April 6, 2010, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

The wife initiated this family offense proceeding on or about April 7, 2010, alleging, among other things, that the husband committed the family offenses of assault and aggravated harassment during various incidents occurring in April 2001 and December 2006, as well as on January 6, 2010, April 3, 2010, and April 6, 2010.

The Family Court properly dismissed allegations in the petition regarding incidents alleged to have occurred in April 2001

and December 2006. Allegations of a family offense are not subject to the defense of laches or statute of limitations (*see Matter of Ashley P.*, 31 AD3d 767, 769 [2006]; *Matter of Nina K. v Victor K.*, 195 Misc 2d 726, 727 [2003]). "The issue in family offense matters is not the age of the threat but the imminence of the danger" (*Matter of Nina K. v Victor K.*, 195 Misc 2d at 727). Here, in addition to the remoteness of the allegations, the Family Court properly determined that they did not bear upon the existence of an "immediate and ongoing danger" to the wife or children (*Swersky v Swersky*, 299 AD2d 540, 541 [2002] [internal quotation marks omitted]; *see* Family Ct Act § 827). Contrary to the wife's contention, the incidents of April 2001 and December 2006, when considered together with the more recent allegations, did not establish a cognizable pattern of behavior on the part of the husband sufficient to make the more remote allegations relevant to the wife's present request for an order of protection.

Likewise, we decline to disturb the Family Court's determination that the wife failed to prove by a fair preponderance of the evidence that the husband committed a family offense on April 3, 2010 (*see Matter of Luke v Luke*, 72 AD3d 689 [2010]; *Matter of Barnes v Barnes*, 54 AD3d 755, 756 [2008]; *Matter of Wilkins v Wilkins*, 47 AD3d 823, 824 [2008]; *Matter of Hall v Hall*, 45 AD3d 842, 842-843 [2007]; Family Ct Act § 832).

Nevertheless, the Family Court erred in determining that the wife failed to establish a prima facie case of aggravated harassment with respect to the incident alleged to have occurred on April 6, 2010. In determining a motion to dismiss for failure to establish a prima facie case, "the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom . . . The question of credibility is irrelevant, and should not be considered" (*Matter of Ramroop v Ramsagar*, 74 AD3d 1208, 1209 [2010] [internal quotation marks omitted]; *see Matter of Prezioso v Prezioso*, 79 AD3d 1043, 1043 [2010]). Here, viewing the wife's testimony in the light most favorable to her, and accepting her testimony as true, the wife failed to establish a prima facie case of assault in the third degree (*see* Penal Law § 120.00) or aggravated harassment in the second degree (*see* Penal Law § 240.30) with respect to the incident alleged to have occurred January 6, 2010. The wife did, however, establish a prima facie case of aggravated harassment in the second degree based on her testimony that during a telephone conversation on April 6, 2010, the husband threatened, among other things, to find her and kidnap the children (*see* Penal Law 240.30 [1] [a]).

Based upon the foregoing, the petition must be reinstated and the matter remitted to the Family Court, Suffolk County, for a new fact-finding hearing and for a new determination of the petition thereafter with respect to the allegations regarding the events of April 6, 2010 (*see* Family Ct Act § 841 [d]; § 842).

The wife's remaining contentions are without merit. Rivera, J.P., Skelos, Florio and Austin, JJ., concur.