# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1169.3**
**CAF 11-00900**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF DIANA M. OVSANIK,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

RONALD P. OVSANIK, RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC./SOUTHERN TIER LEGAL SERVICES, BATH (DAVID B. PELS OF COUNSEL), FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Steuben County (Marianne Furfure, A.J.), dated February 14, 2011 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is dismissed, and the order of protection is vacated.

Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent contends that Family Court erred in determining that he committed against petitioner the family offense of stalking in the fourth degree (Penal Law § 120.45 [2]. We agree. Petitioner failed to meet her burden of proving by a preponderance of the evidence that respondent committed acts constituting that family offense (*see* Family Ct Act §§ 812, 832; *see generally Matter of Tammy J.H. v John W.H.*, 42 AD3d 974). The record establishes that the parties were married in 1987 and that, on at least two occasions prior to the events leading up to the instant petition, the parties separated and then reconciled. In July 2009, petitioner left the marital home and began staying at a motel. Between October 2009 and September 2010, respondent visited petitioner at the motel on a daily basis, and it is undisputed that petitioner consented to those visits. In September 2010, however, petitioner informed respondent that she no longer wanted to be married to him and that he should no longer visit her. In an attempt to reconcile with petitioner, respondent left four handwritten letters and a store-bought card for her over a period of approximately one month. During that same period of time, respondent knocked on the door of petitioner's motel room at approximately 2 A.M. at least once or twice. When respondent knocked on her door, petitioner ignored him, and respondent left after a few minutes.

Because petitioner worked overnight shifts, it was not unusual for her to be awake at 2 A.M., and respondent previously had visited petitioner during the early morning hours before September 2010.

In light of the foregoing, the evidence is insufficient to establish that respondent acted with "no legitimate purpose" within the meaning of the stalking statute (Penal Law § 120.45). "[T]he phrase 'no legitimate purpose' means the absence of a reason or justification to engage someone, other than to hound, frighten, intimidate or threaten" (*People v Stuart*, 100 NY2d 412, 428). Here, the letters and the card were sent with the legitimate purpose of attempting to reconcile with petitioner (*see Di Donna v Di Donna*, 72 Misc 2d 231, 233), a purpose that was not unreasonable based upon, inter alia, the parties' lengthy marriage and history of separation and reconciliation. The evidence is also insufficient to establish that respondent knew or reasonably should have known that his conduct caused "material harm to [petitioner's] mental or emotional health" (§ 120.45 [2]). Notably, there is nothing on the face of the letters or the card that is improper or threatening (*cf. Matter of Julie G. v Yu-Jen G.*, 81 AD3d 1079, 1082; *Matter of Amy SS. v John SS.*, 68 AD3d 1262, 1263, *lv denied* 14 NY3d 704). Petitioner's testimony that respondent was physically violent during the marriage does not tend to establish that respondent's conduct in 2010 constituted stalking. Indeed, the only incident of violence that was described in any particularity occurred in the early 1990s. Although there is no statute of limitations for family offenses, and acts not "relatively contemporaneous with the date of the petition" are entitled to consideration (Family Ct Act § 812 [1]; *see Jose M. v Tatianna T.*, 30 Misc 3d 948, 949-950), petitioner's remote allegations of physical violence do not establish "a cognizable pattern of behavior" on respondent's part so as to render his behavior devoid of any legitimate purpose (*Matter of Opray v Fitzharris*, 84 AD3d 1092, 1093).

We therefore reverse the order, dismiss the petition and vacate the order of protection (*see generally Matter of Kalifa K.*, 37 AD3d 1180).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court