■ In the Matter of CHRISTINE P., Appellant, v MACHISTE Q., Respondent. [2 NYS3d 102]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about September 11, 2012, which granted respondent's motion for summary judgment dismissing the family offense petition brought pursuant to article 8 of the Family Court Act, unanimously affirmed, without costs.

Although the petition and bill of particulars allege an "intimate relationship" between the parties which could provide a basis for the Family Court's exercise of jurisdiction over these proceedings (Family Ct Act § 812 [1] [e]), the motion to dismiss the petition was properly granted on the alternate ground that the factual allegations set forth in the petition, as amplified by

the bill of particulars, were insufficient to support a finding that respondent engaged in conduct constituting the family offenses of harassment in the second degree or disorderly conduct. Accepting as true petitioner's allegations that respondent threatened to have her evicted and emotionally abused her through threats and rituals, and according them the benefit of every reasonable inference, there is no basis for finding that his conduct constituted harassment (*see* Penal Law § 240.26; *Matter of Rafael F. v Pedro Pablo N.*, 106 AD3d 635 [1st Dept 2013]), or that he intended to cause public inconvenience, annoyance or alarm or that his conduct in the private residence recklessly created such a risk (Penal Law § 240.20). Concur—Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ.