■ In the Matter of VIVIAN BARBAGALLO, Appellant, v ERICK COTTO-DONIS, Respondent. [16 NYS3d 776]—Appeal from an order of disposition of the Family Court, Queens County (Dennis Lebwohl, J.), dated September 15, 2014. The order of disposition, after an inquest, dismissed the family offense petition.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition.

The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8. After the respondent failed to appear on a scheduled court date, the matter proceeded to an inquest. At the conclusion of the inquest, the Family Court dismissed the petition for failure to establish a prima facie case, on the ground that the acts complained of occurred more than eight months prior to the filing of the family offense petition.

In 2010, the Legislature amended Family Court Act § 812 (1) to provide that in any "proceeding pursuant to this article, a court shall not . . . dismiss a petition[ ] solely on the basis that the acts or events alleged are not relatively contemporaneous with the date of the petition" (L 2010, ch 341, § 5). The Family Court thus erred in dismissing the petition on this basis. Accordingly, we reverse the order of disposition, reinstate the petition, and remit the matter to the Family Court, Queens County, for further proceedings on the petition. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.