In the Matter of MELISSA H., Respondent, v SHAMEER S., Appellant. [43 NYS3d 279]—

Order, Family Court, Bronx County (Annette Louise Guarino, Ref.), entered on or about October 21, 2015, which, upon granting petitioner mother's motion for summary judgment and finding that respondent father had committed the family offense of harassment in the second degree and that aggravating circumstances existed, issued a two-year order of protection against the father, unanimously modified, on the law, to strike the finding of aggravating circumstances, and otherwise affirmed, without costs.

The Family Court correctly determined that the father had committed the family offense of harassment in the second degree, warranting a two-year order of protection (*see* Family Ct Act § 842). The father's criminal conviction of harassment in the second degree in connection with a September 20, 2011 incident "serves as conclusive proof of the underlying facts" in the family offense proceeding, "since he had a full and fair opportunity to contest the issues raised in the criminal proceeding" (*Matter of Angela C. v Harris K.*, 102 AD3d 588, 589 [1st Dept 2013]).

The father created no triable issue of fact regarding the incident (*Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 183 [1994]). Although the criminal complaint and family offense petition initially had alleged that the incident occurred on September 19, 2011, the mother explained that she had been confused because the incident occurred so early in the morning, at 2:00 a.m., on September 20,

2011. The father participated in both the criminal and family offense proceedings and therefore had ample notice of the correct date and the conduct at issue, and ample opportunity to defend himself against the allegations, notwithstanding the change in the date.

The children, who were named in the family offense petition and represented by counsel at the family offense proceeding, were properly named in the order of protection. Further, the father was not denied his right to a fair trial by the delay in the proceeding. He consented to adjourn the proceeding pending resolution of the criminal trial, and, as he acknowledged, it made sense to do so because a criminal conviction could alleviate the need for a fact-finding hearing in the family offense proceeding (*see* US Const 6th, 14th Amends; NY Const, art I, § 6). The mere fact that the offense had occurred years earlier by the time the family offense proceeding commenced does not warrant denial of the order of protection (Family Ct Act § 812 [1]; *Matter of Opray v Fitzharris*, 84 AD3d 1092, 1093 [2d Dept 2011]).

The Family Court's finding of aggravating circumstances based on the conviction of harassment in the second degree is not supported by the sparse record in this summary judgment proceeding (Family Ct Act §§ 827 [a] [vii]; 842). Based on the documents submitted to the Family Court, the Criminal Court made no such finding, and it acquitted the father of attempted assault in the third degree, menacing, attempted criminal possession of a weapon, and attempted endangering the welfare of a child, suggesting that it may not have credited the allegations that could have constituted aggravating circumstances.

Nor is there sufficient evidence in the record to otherwise support such a finding. The father's convictions regarding three other incidents in September and October 2011 were for relatively minor crimes, and evidence of the underlying conduct is not in the record. Further, the mother's reliance on evidence from a prior fact-finding hearing and determination is unavailing, since this Court deemed that hearing and determination "procedurally flawed and unfair" (*Matter of Melissa H. v Shameer S.*, 100 AD3d 535, 535 [1st Dept 2012]). The only other evidence the mother cites, regarding the father looking at the mother and the children while driving up next to them after the parties left the visitation agency, is not sufficient to support a finding of aggravating circumstances.

This Court lacks jurisdiction to review the father's challenges to the dismissal of his own petitions, since he did not mention the dismissal in his notice of appeal (CPLR 5515 [1]; *Commis-*

*sioners of the State Ins. Fund v Ramos*, 63 AD3d 453 [1st Dept 2009]). Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.