Order, Family Court, New York County (Gail A. Adams, Ref.), entered on or about October 17, 2016, which, upon a fact-finding determination that respondent husband had committed a family offense, granted petitioner wife a four-year order of protection, unanimously modified, on the law and the facts, to add to the order of protection a finding that “aggravated circumstances exist, including violent and harassing behavior by respondent toward petitioner, which constitute an immediate and ongoing danger to petitioner,” and otherwise affirmed, without costs.
 

 A fair preponderance of the evidence supports the Family Court’s determination that the husband had engaged in conduct warranting issuance of an order of protection (Family Ct Act § 832, 812 [1]; Matter of Everett C. v Oneida P., 61 AD3d 489, 489 [1st Dept 2009]). The court credited the wife’s testimony, which showed that the husband had engaged in a course of significant physical and sexual abuse over a 19-year period, which included hitting the wife, pulling her hair, and forcing her to engage in sex against her will, leaving her with bruises. The court observed that the wife could not bring herself to look at the husband during her testimony, and found that she “fear[ed] for her life.” This evidence sufficiently supported the allegations in the petition that the husband had committed the family offenses of harassment in the first and second degree (Penal Law §§ 240.25, 240.26) and sexual abuse in the third degree (Penal Law § 130.55).
 

 The wife’s testimony, although lacking in detail concerning specific dates, supports a finding that the pattern of abusive conduct had continued within the year preceding the filing of the petition, and her testimony concerning more remote allegations is relevant (see Matter of Opray v Fitzharris, 84 AD3d 1092, 1093 [2d Dept 2011]). In any event, a family offense petition should not be dismissed “solely on the basis that the acts or events alleged are not relatively contemporaneous with the date of the petition” (Family Ct Act § 812 [1]; see also Matter of Barbagallo v Cotto-Donis, 131 AD3d 1237, 1237 [2d Dept 2015], lv dismissed 26 NY3d 1057 [2015]).
 

 The Family Court provided for an extended period of protection beyond two years without setting forth any finding of aggravating circumstances, as required by Family Court Act § 842. However, we find that the record amply supports a determination that aggravating circumstances, as defined in Family Court Act § 827 (a) (vii), exist, and therefore modify the order of protection to set forth this finding (see Matter of Harry v Harry, 85 AD3d 790 [2d Dept 2011]; Matter of Leticia T v Tomas V., 12 AD3d 170 [1st Dept 2004]).
 

 Concur — Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.