■ SEAN BREITSTEIN, Appellant, v THE MICHAEL C. FINA COMPANY et al., Respondents. [68 NYS3d 41]—

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered October 5, 2016, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the religious discrimination, age discrimination, and retaliation causes of action under the State and City Human Rights Laws (HRLs), unanimously affirmed, without costs.

Plaintiff failed to raise an issue of fact as to whether defendants' proffered legitimate nondiscriminatory reason for terminating his employment was pretextual (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 113-114 [1st Dept 2012]). The proffered reason is that plaintiff disclosed a prospective client's confidential pricing information and engaged in unethical negotiating tactics with defendant Michael C. Fina Company's vendors.

Plaintiff contends that an issue of fact was raised by the conflict between his assertion that he was trained to, and throughout his 10 years at the company did, disclose pricing information unless told otherwise, and the testimony of defendant George Fina, who trained and supervised plaintiff, that he had told plaintiff never to reveal the name of a customer or prospective customer to a vendor. Plaintiff also contends that an issue of fact was raised by the conflict be-

tween his claimed training to disclose and the confidentiality agreement, receipts and acknowledgments he signed, in which he agreed not to disclose confidential information of the company or its clients. However, these purported issues of fact pertain to whether the company's decision to terminate plaintiff's employment was correct or justified. They do not raise an inference of pretext, i.e., that defendants' reason for the termination was false and that discrimination was the real reason (*Melman*, 98 AD3d at 120-121) or among the real reasons (*see Williams v New York City Hous. Auth.*, 61 AD3d 62, 78 n 27 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009]).

Nor do the comments of defendant Tim Lorenz, plaintiff's supervisor, show a discriminatory motive (*see Sandiford v City of New York Dept. of Educ.*, 94 AD3d 593, 604 [1st Dept 2012], *affd* 22 NY3d 914 [2013]). The comments were not made in connection with a decision to terminate plaintiff, and, while Lorenz discovered the conduct that led to plaintiff's termination, the ultimate decision to terminate plaintiff was made by defendant Michael Fina, not Lorenz. Moreover, since plaintiff failed to specify when the remarks were made, there is no showing that any of them were close in time to his termination. In any event, these were "at most stray remarks," which, in these circumstances, " 'even if made by a decision maker, do not, without more, constitute evidence of discrimination' " (*see Hudson v Merrill Lynch & Co., Inc.*, 138 AD3d 511, 517 [1st Dept 2016], *lv denied* 28 NY3d 902 [2016], quoting *Melman*, 98 AD3d at 125). To the extent plaintiff relies on his former supervisor defendant George Fina's comments about Jewish people, there is no evidence that George Fina was involved in the decision to terminate him.

In support of his retaliation claim, plaintiff failed to demonstrate that he engaged in a protected activity (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]; *Fletcher v Dakota, Inc.*, 99 AD3d 43, 51-52 [1st Dept 2012]). He made one isolated complaint to defendant Maninder Rattu in Human Resources about Lorenz's conduct in general, which he acknowledged was several years before he was terminated, and, although he claims that Lorenz's conduct worsened after he made that complaint, he acknowledged that he suffered no adverse employment action afterwards. Moreover, there is no evidence that any of the other defendants were aware of his complaint. The fact that Lorenz looked into whether plaintiff had breached his confidentiality agreement with the company does not create a causal connection between his complaint about discriminatory practice and his termination, which he admitted occurred years later.

Since plaintiff's notice limited his appeal to the portion of the order that dismissed his claims of religious discrimination, age discrimination, and retaliation, the dismissal of his hostile work environment claim, to the extent plaintiff addresses it, is not properly before us (*see Commissioners of the State Ins. Fund v Ramos*, 63 AD3d 453 [1st Dept 2009]). Concur—Tom, J.P., Friedman, Renwick, Kahn and Kern, JJ.