Matter of Rushane P. v Boris L.R. (2018 NY Slip Op 03459)





Matter of Rushane P. v Boris L.R.


2018 NY Slip Op 03459


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6536

[*1]In re Rushane P., Petitioner-Appellant,
v
Boris L.R., Respondent-Respondent.


Sanctuary for Families, New York (Melina Sfakianaki of counsel), and Danielle S. Moore, New York, for appellant.
Heslop & Kalba, LLP, Brooklyn (Garfield A. Heslop of counsel), for respondent.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about August 16, 2017, which, to the extent appealed from, dismissed the family offense petition with prejudice, unanimously reversed, on the law, without costs, and the petition reinstated.
Family Court erred in dismissing the petition, which alleged family offenses that occurred in New York, Pennsylvania, and Jamaica, on the ground that the only incident alleged to have occurred in New York happened in 2014, three years before the filing of the petition. The court's subject matter jurisdiction was not "limited by geography"; the court could have made findings of fact as to incidents that occurred outside its jurisdiction (Matter of Opportune N. v Clarence N., 110 AD3d 430, 430-31 [1st Dept 2013]; see Matter of Richardson v Richardson, 80 AD3d 32, 37-38 [2d Dept 2010]). Moreover, "a court shall not ... dismiss a petition[] solely on the basis that the acts or events alleged are not relatively contemporaneous with the date of the petition" (Family Court Act § 812[1]; see Matter of Monwara G. v Abdul G., 153 AD3d 1174, 1175 [1st Dept 2017]; Matter of Opray v Fitzharris, 84 AD3d 1092, 1093 [2d Dept 2011]). We note, moreover, that petitioner contends that the court erroneously found that the most recent incident alleged (February 2017) took place in Jamaica, rather than in New York, where petitioner had been residing since August 2016.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK