Matter of Latava P. v Charles W. (2019 NY Slip Op 02804)





Matter of Latava P. v Charles W.


2019 NY Slip Op 02804


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Friedman, J.P., Sweeny, Webber, Gesmer, Singh, JJ.


8952

[*1]In re Latava P., Petitioner-Appellant,
v
Charles W., Respondent-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.



Order, Family Court, Bronx County (Aija Tingling, J.), entered on or about June 5, 2017, which granted respondent's motion to dismiss the family offense petition, unanimously affirmed, without costs.
Construing the petition liberally and giving it the benefit of every favorable inference (see Matter of Christine P. v Machiste Q., 124 AD3d 531, 532 [1st Dept 2015]), we find that the allegations in the petition concerning incidents that occurred in January 2017 were insufficient to allege the family offense of harassment in the second degree because they do not involve a "course of conduct" or repeated acts that would "seriously annoy" the petitioner and serve no legitimate purpose (Penal Law § 240.26[3]; see McGuffog v Ginsberg, 266 AD2d 136 [1st Dept 1999]). There is no allegation of damage to physical property to support a finding of criminal mischief in the fourth degree (Penal Law § 145.00[1]), and the allegations were too vague to allege stalking in the fourth degree (Penal Law § 120.45[1]; Matter of Kimberly O. v Jahed M., 152 AD3d 441 [1st Dept 2017], lv denied 30 NY3d 902 [2017]).
The allegations concerning an incident that occurred four years earlier also were properly dismissed because, although a family offense petition cannot be dismissed "solely on the basis that the acts or events alleged are not relatively contemporaneous with the date of the petition" (Family Court Act § 812[1]), the petition failed to sufficiently plead conduct constituting a pattern of imminent and ongoing danger to the mother (see Matter of Opray v Fitzharris, 84 AD3d 1092, 1093 [2d Dept 2011]; cf. Matter of Monwara G. v Abdul G., 153 AD3d 1174 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK