Matter of Damineh M. v Bedouin L. J. (2024 NY Slip Op 01611)

Matter of Damineh M. v Bedouin L. J.

2024 NY Slip Op 01611

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, JJ. 

Index No. O-03089-20 Appeal No. 1852&M-207 Case No. 2023-02506 

[*1]In the Matter of Damineh M., Petitioner-Respondent,
v
Bedouin L. J., Respondent-Appellant. 

Toscano Law PLLC, New York (Andriana Toscano of counsel), for appellant.
Fersch LLC, New York (Patricia Fersch of counsel), for respondent.

Order, Family Court, New York County (Gail A. Adams, Ref.), entered on or about April 19, 2023, which, after a fact-finding hearing, found that respondent committed the family offense of harassment in the second degree and deemed the final order of protection effective and satisfied beginning from March 27, 2020 until April 19, 2023, unanimously affirmed, without costs.
Respondent's appeal from the April 2023 order has not been rendered moot solely by the expiration of that order and the merits of the appeal are properly before this Court (see Matter of Lisa T. v King E.T., 147 AD3d 670, 671 [1st Dept 2017], affd 30 NY3d 548 [2017]).
A fair preponderance of the evidence supports Family Court's finding that respondent committed the family offense of harassment in the second degree (Penal Law § 240.26). Petitioner testified that in May 2016 respondent grabbed her by the neck and strangled her, causing bruising to her neck and wrist. The record contains a photograph showing an injury to petitioner's arm (see Matter of Keith M. v Tiffany S.S., 177 AD3d 508, 508 [1st Dept 2019]). Respondent's intent to commit physical injury can be inferred from his actions and surrounding circumstances (see Matter of Brooke A.D. v Rajiv D., 199 AD3d 407, 408 [1st Dept 2021]). Family Court's credibility determinations are supported by the record, and there is no basis to disturb them (see Matter of Marilyn C. v Olsen C., 132 AD3d 406, 406 [1st Dept 2015]).
Regarding respondent's contention that the family offense petition should have been dismissed on the basis that the 2016 incident was not contemporaneous with the date of the petition, we find it unavailing. Initially, the mere fact that the offense had occurred several years prior to the commencement of the family offense proceeding does not warrant denial of the order of protection (see Family Ct Act § 812[1]; Matter of Melissa H. v Shameer S., 145 AD3d 472, 473 [1st Dept 2016], lv denied 28 NY3d 915 [2017]). Moreover, the record demonstrated an ongoing pattern of aggressive and abusive conduct, which made petitioner's testimony about an earlier incident relevant (see Matter of Monwara G. v Abdul G., 153 AD3d 1174, 1175 [1st Dept 2017]; cf. Matter of Latava P. v Charles W., 171 A3d 525 [1st Dept 2019]).
Finally, there is no basis for dismissing the proceeding on the ground that the court did not intend the order of protection to continue until a future date. The court had the authority to determine that respondent committed the family offense of harassment in the second degree while also deciding that the order of protection was not
required to be continued after the date of the court's determination.
We have considered respondent's remaining arguments and find them
unavailing.
M-207 - Matter of Damineh M. v Bedouin J. Motion to strike petitioner-respondent's brief, denied.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: March 21, 2024