■ SALLY WOLFE, Respondent, v DANIEL E. WOLFE, JR., Appellant. — In an action for divorce, the defendant husband appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered September 18, 1984, as, upon the plaintiff wife's motion, awarded her temporary maintenance of $300 per week and child support of $100 per week, ordered defendant to pay all carrying charges on the marital residence and "to continue to pay the expenses that he is presently

paying", granted plaintiff temporary exclusive occupancy of the marital residence, and awarded her $1,500 pendente lite for accountant's fees.

Order modified, on the law, by deleting the provision thereof which directed defendant "to continue to pay the expenses that he is presently paying", and substituting therefor a provision requiring defendant to continue to pay the loan, insurance and repair bills on the automobile driven by plaintiff, and to continue making health insurance payments on behalf of the plaintiff and infant issue. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

While we agree with Special Term that defendant should continue paying the expenses he has been paying, the court should have set forth those expenses specifically. The pendente lite award of maintenance and child support was based on the reasonable needs of plaintiff and the parties' infant son (*Jorgensen v Jorgensen,* 86 AD2d 861). Exclusion of the defendant husband from the marital residence is not unjustified considering the domestic strife his presence has often caused there. Moreover, in December 1983, defendant voluntarily established an alternative residence for himself (*see, Rauch v Rauch,* 83 AD2d 847, 848).

Further, discovery by an accounting expert is essential under the circumstances presented, and the award of $1,500 for such services was entirely proper (Domestic Relations Law § 237 [c]). The husband listed as "[u]nknown" the value of his interests in several corporate enterprises (*Endes v Endes,* 88 AD2d 652) and plaintiff met the criteria for such an award outlined by this court in *Ahern v Ahern* (94 AD2d 53). Defendant's remedy for any claimed inequities of this pendente lite award is a speedy trial, wherein a more detailed examination of the circumstances of the parties may be had (*Rossman v Rossman,* 91 AD2d 1036). Mollen, P. J., Rubin, Lawrence and Kunzeman, JJ., concur.