■ DAVID W. FLEMING, Respondent, v CAROLINE A. FLEMING, Appellant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about April 21, 1989, which, *inter alia,* granted plaintiff's motion for exclusive occupancy of the marital residence, is unanimously reversed to the extent appealed from, on the law, on the facts, and in the exercise of discretion, and the motion is denied, without costs.

Mr. David Wallace Fleming (husband) and Ms. Caroline Acheson Fleming (wife) were married in 1967, and they have a 21-year-old son who attends school in Switzerland.

The husband is a millionaire, and his income is derived principally from inherited property. During the marriage, the wife did not pursue paid employment, due to health problems which are caused, in part, from the residual effects of polio.

Included in the property owned by the husband is a large cattle ranch located near Santa Barbara, California. Over the course of the marriage, the parties spent a portion of each year at that ranch.

For the more than 20 years of their marriage, the parties have resided in a two-bedroom apartment, located at 1045 Fifth Avenue, Manhattan, which they jointly own.

The wife alleges that as a result of the husband's heavy drinking, she left the California ranch in September 1987, and rented a one-bedroom apartment in Santa Barbara. Shortly thereafter, the wife commenced an action in California against the husband for a separation, and in response, the husband, in November 1987, commenced the instant New York action against her for divorce. When the wife subsequently moved to amend the California action to one for divorce, and moved for temporary support and counsel fees, the husband moved, in substance, to stay that action upon the basis that the parties were residents of the State of New York, and have been so throughout the marriage. Thereafter, the California court ruled that California was forum non conveniens, and the entire matter is now proceeding in the Supreme Court, New York County.

In December 1988, the husband (plaintiff) moved in this action for temporary exclusive occupancy of the New York apartment, mentioned *supra*. The wife (defendant) opposed. By order entered on or about April 17, 1989, the IAS court granted that motion. Defendant appeals, and on June 15, 1989, we stayed that order.

We unanimously stated in *Delli Venneri v Delli Venneri* (120 AD2d 238, 240 [1st Dept 1986]) that: "Courts are statutorily empowered in a matrimonial action to award temporary exclusive possession of the marital premises to one of the parties. (Domestic Relations Law § 234.) Ordinarily, however, absent 'a showing that such a directive is necessary to protect the safety of persons and property' courts should not award exclusive possession to one party, pendente lite". Furthermore, it has been held in *Preston v Preston* (147 AD2d 464 [1989]) that such an award should also be made when the evidence indicates that one of the spouses has voluntarily established an alternative residence.

After our review of the record, we find that although defendant rented the California apartment and has stayed with friends and in the New York Colony Club on occasion, those facts do not indicate her intent to voluntarily establish an alternative residence, since she has continued to reside in the marital residence, from time to time, during this litigation. Significantly, she has not removed her personal possessions, including clothing, from the marital residence.

Furthermore, we find that plaintiff's moving papers do not contain the facts necessary to justify an award of exclusive occupancy in order, " 'to protect the safety of persons and property' " *(Delli Venneri v Delli Venneri, supra,* at 240). In fact, the plaintiff himself admits that the defendant's conduct, when present in the apartment, amounts to no more than "petty harassments".

Based upon our analysis, *supra,* we find that the IAS court abused its discretion in granting the motion for exclusive occupancy.

Accordingly, we reverse the order which awarded plaintiff exclusive occupancy of the marital residence. Concur—Murphy, P. J., Sullivan, Ross, Asch and Wallach, JJ.