■ Joy ANNEXSTEIN, Respondent, v NORMAN ANNEXSTEIN, Appellant. (Appeal No. 2.) [609 NYS2d 132] —Order unanimously affirmed with costs. Memorandum: As limited by his brief, defendant husband appeals from so much of an intermediate order as granted plaintiff exclusive occupancy of the marital residence, directed defendant to provide an accounting of expenses relating to the Roslyn property, denied defendant's motion to direct plaintiff to reimburse defendant for plaintiff's telephone, cable and automobile insurance bills; and denied defendant's motion to force plaintiff to pay the penalties and interest on an income tax levy.

The court did not err in granting plaintiff exclusive occupancy of the marital residence pending the outcome of the matrimonial action (see, Domestic Relations Law § 234). Under appropriate circumstances, the court may award exclusive possession of the residence where one spouse has caused domestic strife and has voluntarily established an alternative residence (Preston v Preston, 147 AD2d 464; Kristiansen v Kristiansen, 144 AD2d 441, 442; Delli Venneri v Delli Venneri, 120 AD2d 238, 240). In any event, the "most expedient and best remedy for any perceived inequities" in a temporary order of exclusive occupancy, like any other pendente lite order, " 'is to press for an early trial' " (Tillinger v Tillinger, 141 AD2d 535, 536, quoting Lee v Lee, 131 AD2d 820, 821).

Addressing defendant's remaining contentions, we conclude that the court did not err in ordering defendant to account for the expenses of operating the rental property, and in denying defendant's requests for monetary relief. (Appeal from Order of Supreme Court, Nassau County, McCarty, III, J.—Occupancy of Marital Residence.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.