■ CARYN J. BLOCK, Appellant, v JEFFREY A. BLOCK, Respondent. [665 NYS2d 882] —Order, Supreme Court, New York County (Walter Tolub, J.), entered June 4, 1997, which, insofar as appealed from, granted defendant husband's motion for pendente lite access to the marital residence, denied plaintiff wife's cross motion for pendente lite exclusive occupancy of the marital residence, and granted the wife's cross motion for various other pendente lite relief to the extent of awarding her $1,000 per month in tax-free maintenance, $1,600 per month in child support, and $5,000 in interim counsel fees without prejudice to future applications, unanimously modified, on the law, and the facts, to deny the husband's motion for access to the marital residence and to grant the wife's cross motion for exclusive occupancy of the marital residence, and otherwise affirmed, without costs.

In light of the husband's admission that due to marital strife, he voluntarily vacated the marital residence shortly after signing a one-year sublease for an apartment, and the unrebutted expert evidence concerning the impact of the domestic strife on the wife prior to the husband's departure and the potential harm to the wife and children if the husband returned, the motion court erred in not granting the wife's cross motion for exclusive occupancy of the marital residence and in granting

the husband's motion for complete access thereto (*see, Annexstein v Annexstein*, 202 AD2d 1062; *Lawson v Lawson*, 194 AD2d 389; *Kristiansen v Kristiansen*, 144 AD2d 441). The awards of temporary maintenance, temporary child support and interim counsel fees constitute a reasonable balancing of the parties' financial needs and wherewithal and of the other factors set forth in Domestic Relations Law § 236 (B) (6). Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.