■ In the Matter of CHARLENE J.R., Respondent, v WALTER A.M., Appellant. [763 NYS2d 778] —In a family offense proceeding pursuant to Family Court Act article 8, Walter A.M. appeals from (1) an order of the Family Court, Kings County (Staton, J.), dated September 19, 2000, which, after a fact-finding hearing at which it was found that he committed a family offense within the meaning of Family Court Act § 812,

granted that branch of the petition which was for an order of protection against him and in favor of Charlene J.R. and the children Devonte M. and George W., and (2) an order of the same court, also dated September 19, 2000, which, after the same fact-finding hearing, inter alia, directed that he stay away from Charlene J.R. and the children Tiana R. and Tabitha R., and their residence except for supervised visits until September 19, 2003.

Ordered that the orders are affirmed, without costs or disbursements.

Although the order of protection in favor of Charlene J.R., Devonte M., and George W. has expired, "in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense * * * this appeal is not academic" (*Matter of Cutrone v Cutrone,* 225 AD2d 767, 768 [1996]; *see Matter of Bickwid v Deutsch,* 87 NY2d 862, 863 [1995]; *Matter of Grossman v Grossman,* 238 AD2d 339 [1997]).

Contrary to the appellant's contention, the record supports the Family Court's determination that, based on a preponderance of the credible evidence, the appellant committed a family offense, warranting the issuance of the orders of protection (*see* Family Ct Act §§ 812, 832; *Matter of Dabbene v Dabbene,* 297 AD2d 812 [2002]; *Matter of Hogan v Hogan,* 271 AD2d 533 [2000]). Further, the record reveals the existence of aggravating circumstances which justified the Family Court's three-year order of protection with respect to Charlene J.R., and the children Tiana R. and Tabitha R. The appellant exhibited violent and harassing behavior either in the presence of Charlene J.R., alone, or while the children were present, which constituted an immediate and ongoing danger to them (*see* Family Ct Act § 827 [a] [ii]; § 842; *Matter of Reilly v Reilly,* 254 AD2d 361, 362 [1998]).

The appellant's remaining contentions are without merit. Smith, J.P., Krausman, Luciano and Crane, JJ., concur.