■ Patricia Askwith Kenner, Appellant, v Jeffrey Kenner, Respondent. [786 NYS2d 157]—

Orders, Supreme Court, New York County (John E. Stackhouse, J.), entered October 6, 2003, February 9, 2004 and May 13, 2004, which, in a matrimonial action, granted pendente lite exclusive occupancy of the parties' ranch in Colorado to defendant husband, granted plaintiff wife's motion to renew and reargue but adhered to its decision in granting exclusive use and occupancy, and granted defendant a protective order enjoining plaintiff from disclosing any of defendant's financial information obtained through discovery to third parties during the

discovery period, unanimously reversed, on the law, without costs, and defendant's motions denied.

During the more than three decades of their marriage, the parties accumulated significant wealth and have a marital estate which includes four residences, namely: a Manhattan apartment which was the primary marital residence, a vacation home in East Hampton, a condominium in Aspen Alps, Colorado and a ranch in Woody Creek, Colorado.

When the parties separated in March 2002, they agreed: (1) that plaintiff wife would have exclusive use and occupancy of the Manhattan apartment and the Aspen Alps condominium; (2) that defendant husband would have exclusive use and occupancy of the Woody Creek ranch; and (3) that the parties would share use of the East Hampton vacation home. Subsequently, the parties, their daughter and their son-in-law became embroiled in various arguments over access to and the use and occupancy of the Woody Creek ranch.

The IAS court awarded defendant, pendente lite, exclusive possession of the ranch to, inter alia, avoid "the potential for strain and turmoil" between the parties, and to ensure that defendant had "exclusive personal space within [one] of the marital residences."

Marital disputes which require judicial resolution are best resolved by a plenary trial on the merits. Exclusive occupancy of a marital residence by one party, pendente lite, is warranted only: (1) when needed to protect the safety of persons or property; or (2) when the nonmovant spouse has voluntarily established an alternative residence and that spouse's return to the marital residence would cause domestic strife (see *Fleming v Fleming*, 154 AD2d 250, 251 [1989], citing *Delli Venneri v Delli Venneri*, 120 AD2d 238, 240 [1986]; *Block v Block*, 245 AD2d 153 [1997]). Defendant failed to satisfy either ground for interim and exclusive occupancy relief. The evidence showed, instead, that he had acquired a residence in Manhattan and that there was no need for judicial intervention in an action between the parties to resolve disputes which appear to primarily involve defendant's son-in-law.

With respect to the protective order, the IAS court abused its discretion by granting defendant a "gag" order which enjoined plaintiff from disseminating to third persons any financial information about defendant (see *Lowinger v Lowinger*, 264 AD2d 763 [1999]). Since the order expired on the first day of trial, its only legitimate purpose would be to protect defendant's right to a fair trial, but there was no evidence that dissemination could pose a risk to such right. Concur—Buckley, P.J., Nardelli, Saxe, Sullivan and Gonzalez, JJ.