■ In the Matter of DAVID WISSINK, Respondent, v JANE WISSINK, Appellant. [787 NYS2d 60]—In a family offense proceeding pursuant to Family Court Act article 8, Jane Wissink appeals from an order of the Family Court, Orange County (Bivona, J.), dated May 9, 2003, which, after a hearing, in effect, found that she committed a family offense and directed her to observe for a

period of one year the conditions of an order of protection of the same court dated April 1, 2003.

Ordered that the order is affirmed, without costs or disbursements.

Although the order of protection has expired, in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense, this appeal is not academic (*see Matter of Cutrone v Cutrone*, 225 AD2d 767 [1996]; *Matter of Charlene J.R. v Walter A.M.*, 307 AD2d 1038 [2003]; *see also Matter of Bickwid v Deutsch*, 87 NY2d 862 [1995]; *Matter of Williams v Cornelius*, 76 NY2d 542 [1990]).

The petitioner established by a preponderance of the evidence (*see Matter of Phillips v Laland*, 4 AD3d 529 [2004], *lv denied* 3 NY3d 609 [2004]) that the appellant committed acts constituting harassment in the second degree, thus warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law § 240.26 [1]; *Matter of Pesce v Pesce*, 223 AD2d 647 [1996]; *cf. Matter of Cavanaugh v Madden*, 298 AD2d 390, 392 [2002]).

The Family Court was confronted with issues of credibility as to whether the appellant committed the acts alleged in the petition. The Family Court's credibility determination is entitled to great weight and we find no reason to disturb it (*see Matter of Smith v Antonio*, 239 AD2d 509 [1997]). S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.