◼ In the Matter of BIBI LALLMOHAMED, Respondent, v SAHEED LALLMOHAMED, Appellant. [806 NYS2d 622]—In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of protection of the Family Court, Queens County (Clark, J.), dated June 28, 2004, and (2) an amended order of protection of the same court dated September 21, 2004, which, after a hearing, upon a finding that he committed acts constituting the family offenses of harassment and stalking, granted the mother's petition for an order of protection.

Ordered that the appeal from the order of protection dated June 28, 2004, is dismissed, without costs or disbursements, as that order was superseded by the amended order of protection dated September 21, 2004; and it is further,

Ordered that the amended order of protection dated September 21, 2004, is affirmed, without costs or disbursements.

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (*see Matter of King v Flowers*, 13 AD3d 629 [2004]), and that determination is entitled to great weight on appeal (*see Matter of De La Cruz v Colon*, 16 AD3d 496 [2005]). The Family Court properly determined that the mother proved by a preponderance of the evidence that the father committed acts constituting the family offenses of harassment and stalking warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law §§ 120.45, 240.26 [1]; *Matter of Wissink v Wissink*, 13 AD3d 461 [2004]; *Matter of Charlene J.R. v Walter A.M.*, 307 AD2d 1038 [2003]).

The father's remaining contentions are without merit. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.