■ In the Matter of Susanna Kraus, Respondent, v Sheldon Kraus, Appellant. [809 NYS2d 471]—In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated August 23, 2004, which, after a hearing, found that he committed family offenses, and granted the petitioner an order of protection until August 23, 2005.

Ordered that the appeal from so much of the order as granted an order of protection until August 23, 2005, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Because the order of protection has expired by its own terms, the appeal from so much of the order as concerns the order of

protection must be dismissed as academic (*see Matter of Cardarelli v Cardarelli,* 277 AD2d 225 [2000]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (*see Matter of Lallmohamed v Lallmohamed,* 23 AD3d 562 [2005]; *Matter of King v Flowers,* 13 AD3d 629 [2004]), and that determination is entitled to great weight on appeal (*see Matter of De La Cruz v Colon,* 16 AD3d 496 [2005]), as is the Family Court's determination regarding the credibility of witnesses (*see Matter of Topper v Topper,* 271 AD2d 613 [2000]; *Matter of Hallissey v Hallissey,* 261 AD2d 544 [1999]; *Matter of Dendy v Bonelli,* 260 AD2d 633 [1999]). The Family Court properly determined that the petitioner proved by a preponderance of the evidence that the husband committed acts constituting the family offenses of harassment and disorderly conduct warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law §§ 240.20, 240.26 [1]; *Matter of Wissink v Wissink,* 13 AD3d 461 [2004]; *Matter of Charlene J.R. v Walter A.M.,* 307 AD2d 1038 [2003]). Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.