CHANA TAUB, Appellant, v SIMON TAUB, Respondent. [822 NYS2d 154]—

In an action for a divorce and ancillary relief, the wife appeals from an order of the Supreme Court, Kings County (Krauss, J.), dated August 29, 2005, which, in effect, denied that branch of her motion which was for exclusive use and occupancy of the marital residence and directed the husband to erect a wall in the marital residence to provide separate living accommodations for the parties.

Ordered that the order is affirmed, with costs.

Courts are statutorily empowered to grant one spouse temporary exclusive use and occupancy of the marital residence during the pendency of divorce proceedings (*see* Domestic Relations Law § 234). Such an order is appropriate only upon a showing that the relief is necessary to protect the safety of persons or property, or one spouse has voluntarily established an alternative residence and a return would cause domestic strife (*see Kenner v Kenner*, 13 AD3d 52 [2004]; *Mitzner v Mitzner*, 228 AD2d 483 [1996]; *Annexstein v Annexstein*, 202 AD2d 1062 [1994]; *Fakiris v Fakiris*, 177 AD2d 540 [1991]; *Goodson v Goodson*, 135 AD2d 604 [1987]; *Purdy v Purdy*, 117 AD2d 659 [1986]; *Wolfe v Wolfe*, 111 AD2d 809 [1985]).

Contrary to the wife's contention, she did not meet her burden of establishing that the removal of the husband from the marital residence was necessary to protect her safety. The wife's only allegations of actual violence were incredible, and the alleged threats made by the husband were uncorroborated.

As it is undisputed that the husband did not voluntarily vacate the marital residence, there was no basis to award the wife exclusive occupancy of the marital residence. Thus, directing the separation of the marital residence into two separate residences, with each spouse having access only to their respective portions, while novel, was within the court's discretion.

The wife's remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.