In the Matter of NAOMI A. HALL, Appellant, v HAVELUCK N. HALL, Respondent. [845 NYS2d 745]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an amended order of the Family Court, Kings County (Cammer, J.H.O.), dated October 6, 2006, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the amended order is affirmed, without costs or disbursements.

The petitioner failed to establish, by a fair preponderance of

the evidence, the commission of a family offense by the respondent warranting the issuance of an order of protection (*see* Family Ct Act § 832; *Matter of Patton v Torres*, 38 AD3d 667, 668 [2007]).

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (*Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562 [2005]; *see Matter of Fiore v Fiore*, 34 AD3d 803 [2006]; *Matter of Kraus v Kraus*, 26 AD3d 494, 495 [2006]), and the Family Court's determination regarding witness credibility is entitled to great weight on appeal (*see Matter of Meiling Zhang v Jinghong Zhu*, 36 AD3d 704 [2007]; *Matter of Jeannie B. v Roger D.*, 33 AD3d 994 [2006]; *Matter of Kraus v Kraus*, 26 AD3d at 495; *Matter of De La Cruz v Colon*, 16 AD3d 496 [2005]; *Matter of Wissink v Wissink*, 13 AD3d 461, 462 [2004]).

The petition was filed following an alleged verbal altercation in April 2006. To the extent the petitioner relied on evidence of a physical altercation in December 2002, that event was not contemporaneous to the 2006 petition (*see Matter of Ann P. v Nicholas C.P.*, 44 AD3d 776 [2007]; *cf. Matter of Ashley P.*, 31 AD3d 767, 769 [2006]). For that reason, and because the request was made four months after the filing of the petition and five weeks after the case had been marked final (*see Matter of Sicurella v Embro*, 31 AD3d 651 [2006]; *cf. Matter of Vidal v Mintzer*, 309 AD2d 756, 758 [2003]; *Matter of Czaban v Czaban*, 24 AD3d 547 [2005]), the Family Court did not improvidently exercise its discretion in denying the petitioner's request for an adjournment (*see* Family Ct Act § 533; *Matter of Sicurella v Embro*, 31 AD3d 651 [2006]), so she could procure photographs of her appearance following the alleged December 2002 altercation. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.