In the Matter of SHERRY F. HOLDER, Respondent, v DONAHUE A. FRANCIS, Appellant. [888 NYS2d 567]—

In a family offense proceeding pursuant to Family Court Act article 8, Donahue A. Francis appeals from (1) an order of protection of the Family Court, Kings County (Silber, J.), dated March 18, 2008, and (2) an order of disposition of the same court, also dated March 18, 2008, which, after a hearing, upon a finding that he had committed family offenses and upon a finding of aggravating circumstances, directed him to observe the conditions of the order of protection. Justice Leventhal has been substituted for former Justice Spolzino (*see* 22 NYCRR 670.1 [c]).

Ordered that the orders are affirmed, without costs or disbursements.

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determination regarding the credibility of witnesses must be given great weight on appeal unless clearly unsupported by the record (*see Matter of Nusbaum v Nusbaum*, 59 AD3d 725 [2009]; *Matter of Hunt v Hunt*, 51 AD3d 924, 925 [2008]; *Matter of Kraus v Kraus*, 26 AD3d 494, 495 [2006]). Here, the record supports the Family Court's determination that the petitioner established, by a preponderance of the evidence, that the appellant committed certain family offenses warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832). Further, the record reveals the existence of aggravating circumstances which justified the Family Court's three-year order of protection with respect to the petitioner and the parties' child. The appellant exhibited violent and harassing behavior either in the presence of the petitioner alone, or while their child was present, even after a temporary order of protection was in effect, which constituted an immediate and ongoing danger to

them (see Matter of Charlene J.R. v Walter A.M., 307 AD2d 1038, 1039 [2003]; Matter of Reilly v Reilly, 254 AD2d 361, 362 [1998]; Matter of Muller v Muller, 221 AD2d 635, 637 [1995]).

The appellant was not denied the right to counsel by the Family Court's decision to grant his request to proceed without an attorney. Although a party in a Family Court Act article 8 proceeding has the right to be represented by counsel, that right can be waived, as long as the waiver is knowing, intelligent, and voluntary (see Matter of Jetter v Jetter, 43 AD3d 821, 822 [2007]). Here, the appellant's conduct during the course of the lengthy proceedings in this matter was sufficient to establish the validity of his waiver of the right to counsel even without the "searching inquiry" (People v Slaughter, 78 NY2d 485, 491 [1991]; see Matter of Jetter v Jetter, 43 AD3d at 822) that is ordinarily necessary.

The appellant's remaining arguments are without merit. Santucci, J.P., Florio, Leventhal and Lott, JJ., concur.