■ In the Matter of STEVEN CICCONE, Respondent, v DEBBIE CICCONE, Appellant. [900 NYS2d 650]—In a family offense proceeding pursuant to Family Court Act article 8, Debbie Ciccone appeals from an order of fact-finding and disposition of the Family Court, Kings County (Cammer, J.H.O.), dated April 29, 2009, which, after a hearing, found that she committed the family offense of stalking in the fourth degree, and directed her to observe the conditions of an order of protection, also dated April 29, 2009, for a period of two years.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

" 'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court' (*Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562, 562 [2005]; *see Matter of Fiore v Fiore*, 34 AD3d 803 [2006]; *Matter of Kraus v Kraus*, 26 AD3d 494, 495 [2006]), and where the Family Court is confronted with issues of credibility, its findings are accorded great weight on appeal (*see Matter of Ford v Pitts*, 30 AD3d 419, 420 [2006]; *Matter of Wissink v Wissink*, 13 AD3d 461, 462 [2004]; *Matter of St. Denis v St. Denis*, 1 AD3d 370 [2003])" (*Matter of Pastore v Russo*, 38 AD3d 556, 557 [2007]). Contrary to the appellant's contention, the Family Court properly determined that the petitioner established, by a fair preponderance of the evidence, that the appellant committed acts constituting the family offense of stalking in the fourth degree (*see* Family Ct Act §§ 812, 832; Penal Law § 120.45 [2]).

Additionally, the Family Court providently exercised its discretion in denying the appellant's motion for an adjournment. "The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (*Matter of Steven B.*, 6 NY3d 888, 889 [2006], quoting *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]). In making such a determination, a court must " 'undertake a balanced consideration of all relevant factors' " (*Diamond v Diamante*, 57 AD3d 826, 827 [2008], quoting *Matter of Sicurella v Embro*, 31 AD3d 651 [2006]). Here, the appellant's counsel at the Family Court failed to demonstrate that the evidence she

sought to obtain was relevant or that the need for an adjournment was not the result of the lack of due diligence on her, or her client's, part. Accordingly, we decline to disturb the Family Court's determination (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Diamond v Diamante*, 57 AD3d 826, 827 [2008]; *Matter of Venditto v Davis*, 39 AD3d 555 [2007]; *Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]). Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.