■ DUNE DECK OWNERS CORP., Respondent, v J.J.&P. ASSOCIATES CORP. et al., Defendants. J.P. LIGGETT, Nonparty Appellant. [926 NYS2d 317]—

In an action, inter alia, to recover damages for breach of a lease, the nonparty J.P. Liggett appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated April 7, 2009, as, among other things, granted that branch of the plaintiff's motion which was to direct a resale of the subject property at public auction, and denied his cross motion to direct the plaintiff to cooperate in a sale of the property to him or to return his deposit on the property.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the Supreme Court did not improperly refuse to grant him a third adjournment before deciding the underlying motion and cross motion. "The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court'" (*Matter of Steven B.*, 6 NY3d 888, 889 [2006], quoting *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Ciccone v Ciccone*, 73 AD3d 1052 [2010]; *Diamond v Diamante*, 57 AD3d 826, 827 [2008]). Upon consideration of all of the attendant circumstances in this case, the Supreme Court did not improvidently exercise its discretion in denying the appellant's request for a third adjournment (*see Lopez v DePietro*, 82 AD3d 715, 715-716 [2011]; *Matter of Philip K. v Thervey B.*, 78 AD3d 1183, 1184 [2010]).

Similarly, the Supreme Court did not err in deciding the motion and cross motion without a hearing, since the appellant failed to demonstrate the existence of any relevant factual dispute warranting a hearing (*see Deutsche Bank Natl. Trust Co. v Zlotoff*, 77 AD3d 702 [2010]).

The appellant's remaining contentions are without merit. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.