(November 18, 2015)

■ CAMILLO AMATO, Appellant, v MARIA AMATO, Respondent.
[21 NYS3d 104]—

Appeals from (1) an order of the Supreme Court, Kings County (Delores J. Thomas, J.), dated October 3, 2013, and (2) an order of protection of that court dated October 7, 2013. The order dated October 3, 2013, after a hearing, granted the defendant's motion for temporary exclusive use and occupancy of the marital residence and use of its contents for herself and the parties' children during the pendency of this matrimonial action, and found that the plaintiff committed the family offense of harassment in the first degree. The order of protection, upon that finding, directed the plaintiff, inter alia, to stay away from the defendant up to and including October 7, 2015.

Ordered that the appeal from so much of the order of protection as directed the plaintiff, inter alia, to stay away from the defendant up to and including October 7, 2015, is dismissed as academic, without costs or disbursements, as that portion of the order of protection has expired; and it is further,

Ordered that the order dated October 3, 2013, is affirmed, without costs or disbursements; and it is further,

Ordered that the order of protection is affirmed insofar as reviewed, without costs or disbursements.

The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court (*see Matter of King v Flowers*, 13 AD3d 629 [2004]), and that determination is entitled to great weight on appeal (*see Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562 [2005]). The Supreme Court properly determined that the defendant proved by a preponderance of the evidence that the plaintiff committed acts constituting the family offense of harassment in the first degree, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law § 240.25; *Matter of Wissink v Wissink*, 13 AD3d 461 [2004]; *Matter of Charlene J.R. v Walter A.M.*, 307 AD2d 1038 [2003]).

Courts are statutorily empowered to award one spouse temporary exclusive use and occupancy of the marital residence during the pendency of divorce proceedings (*see* Domestic Relations Law § 234). Such an order is appropriate only upon a showing that the relief is necessary to protect the safety of persons or property, or one spouse has voluntarily established an alternative residence and a return would cause domestic strife (*see e.g. Taub v Taub*, 33 AD3d 612 [2006]). In light of the plaintiff's voluntary establishment of an alternative residence for himself, the existence of an acrimonious relationship between the parties, and the potential turmoil which might result from the plaintiff's return to the marital home, the Supreme Court properly granted the defendant's motion for exclusive use and occupancy of the marital residence and use of its contents for herself and the parties' children during the pendency of this matrimonial action (*see Preston v Preston*, 147 AD2d 464, 465 [1989]; *Kristiansen v Kristiansen*, 144 AD2d 441, 442 [1988]; *Wolfe v Wolfe*, 111 AD2d 809, 810 [1985]).

The plaintiff's remaining contention is without merit. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.