# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

600
CA 16-01331
PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

JOSEPH SKITZKI, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

MELISSA NEAL, DEFENDANT-APPELLANT.

MELISSA NEAL, DEFENDANT-APPELLANT PRO SE.

FERON POLEON, LLP, AMHERST (KELLY A. FERON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

KELLY L. BALL, ATTORNEY FOR THE CHILDREN, BUFFALO.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered November 20, 2015. The order, among other things, granted plaintiff exclusive use and occupancy of real property located at 766 Auburn Avenue, Buffalo, and adjourned the cross motion of defendant for financial relief.

It is hereby ORDERED that said appeal from the fourth ordering paragraph is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Defendant appeals from an order in this divorce action that, inter alia, granted plaintiff's motion seeking a temporary order of exclusive possession of the marital residence (*see* Domestic Relations Law § 234). Contrary to defendant's contention, the record establishes that she was a source of domestic strife, which required police intervention on one occasion, and that, after the commencement of the action, she purchased a home in proximity to the marital residence (*see Annexstein v Annexstein*, 202 AD2d 1062, 1062; *see also Amato v Amato*, 133 AD3d 695, 696). We therefore conclude that Supreme Court did not abuse its discretion in granting plaintiff exclusive possession of the marital residence (*see generally Iuliano v Iuliano*, 30 AD3d 737, 737-738). "In any event, the most expedient and best remedy for any perceived inequities in a temporary order of exclusive occupancy, like any other pendente lite order, is to press for an early trial" (*Annexstein*, 202 AD2d at 1062 [internal quotation marks omitted]).

Contrary to defendant's contention, the court did not deny her cross motion for temporary financial relief but instead adjourned the matter, and thus her contention regarding that requested relief is not properly before us (*see Matter of Lefrak Forest Hills Corp. v Board of*

*Stds. & Appeals of City of N.Y.*, 38 AD2d 979, 979).  Defendant's remaining contention with respect to the order is without merit.

Entered:  April 28, 2017                                    Frances E. Cafarell
                                                           Clerk of the Court