Goldman v Goldman (2020 NY Slip Op 04293)





Goldman v Goldman


2020 NY Slip Op 04293


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-03350
 (Index No. 11641/15)

[*1]Gary Goldman, appellant, 
v
Elena Abramova- Goldman, respondent.


Anthony A. Capetola, Williston Park, NY (Michael C. Barrows of counsel), for appellant.
Richard A. Danzig, White Plains, NY (Donald S. Campbell of counsel), for respondent.
Deborah M. Garibaldi, Glendale, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Jodi Orlow, J.), dated March 4, 2019. The order, after a hearing, granted that branch of the plaintiff's motion which was for temporary exclusive use and occupancy of the marital residence, and denied that branch of the defendant's cross motion which was for temporary exclusive use and occupancy of the marital residence.
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendant were married in 2011 and have a son, born in 2013. On September 24, 2015, the plaintiff commenced this action for a divorce and ancillary relief. He simultaneously moved by order to show cause, inter alia, for temporary exclusive use and occupancy of the marital residence, a one-bedroom cooperative apartment in Forest Hills. Thereafter, the defendant cross-moved, among other things, for temporary exclusive use and occupancy of the marital residence. After a hearing, the Supreme Court granted that branch of the plaintiff's motion, and denied that branch of the defendant's cross motion, on the ground that the defendant had established an alternative residence. The defendant appeals.
Courts are statutorily empowered to award one spouse temporary exclusive use and occupancy of the marital residence during the pendency of divorce proceedings (see Domestic Relations Law § 234). Such an order is appropriate only upon a showing that the relief is necessary to protect the safety of persons or property, or one spouse has voluntarily established an alternative residence and a return would cause domestic strife (see e.g. Taub v Taub, 33 AD3d 612). In light of the defendant's voluntary establishment of an alternative residence for herself and the existence of an acrimonious relationship between the parties, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for temporary exclusive use and occupancy of the marital residence and denying that branch of the defendant's cross motion which was for temporary exclusive use and occupancy of the marital residence (see Amato v Amato, 133 AD3d 695, 696).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying her request for an adjournment of the hearing to secure the testimony of two additional witnesses, since she had ample time to procure their attendance and the plaintiff's motion had been pending for more than three years at the time of the defendant's request (see Yuliano v Yuliano, 175 AD3d 1354, 1357; Matter of Alexander James R., 48 AD3d 820, 821).
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court